UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re
Christopher Isaac Juarez and
Terra Kristine Juarez, Debtors.   No. 13-08-11174 SA

**MEMORANDUM OPINION ON CONFIRMATION**

This matter came before the Court to consider confirmation of the Debtors' Chapter 13 Plan (doc 2) and the Trustee's Amended Objection thereto (doc 51). Debtors appeared with their attorney Michael Daniels. The Trustee was self-represented. This is a core proceeding. 28 U.S.C. § 157(b)(2)(L). For the reasons set forth below, confirmation will be denied with leave to amend the Plan within 21 days; if no amended Plan is filed, the case will be dismissed.

**FACTS**

Debtors, both police officers for the City of Albuquerque, filed their joint voluntary Chapter 13 case and Plan on April 17, 2008. Debtors used the standard form plan in use in New Mexico, filling out only the blanks that specified payments of $300 per month for 60 months. The plan pays no priority or secured claims.

Initially, Debtors were self-represented. After some early confusion in the case (e.g., missing a preliminary confirmation hearing and the § 341 meeting, see docs 20, 21) Debtors hired an attorney, who promptly restored the case to order. He filed amended Schedules A-J (doc 29), an amended Statement of Financial Affairs (doc 30) and an amended Form 22C (doc 31). He also sent

out a Notice of Deadline to File Objections to Confirmation of the Plan (doc 32). The Trustee objected to confirmation (doc 51). Debtors responded by filing a second amended Form 22C (doc 52) and second amended Schedule I (doc 59).

Schedules I (2nd amended) and J (amended) show combined average monthly income of $6,897.78 and average monthly expenses of $6,969.03, for a negative cash flow of -$71.25 per month. The 2nd amended Form 22C shows Current Monthly Income[1] ("CMI")(line 20) of $8,392.29, which is more than the median family income in New Mexico for a family of 5 (<u>see</u> line 16). Therefore, their "applicable commitment period" is 5 years (<u>see</u> line 17) and their "Disposable income is determined under § 1325(b)(3)" (<u>see</u> line 23). The Total Deductions from Income figure is $8,212.30 (line 52) and their Monthly Disposable Income Under § 1325(b)(2) is $179.99 (line 59).

At trial, Debtors' attorney realized that the Forms 22C filed in the case inadvertently left out one payroll period for both Debtors in October, 2007. <u>See, e.g.,</u> Doc 52, p. 9. The result is that Debtors' CMI was understated. If the Court assumes that the two payrolls in October, 2007 were identical, then the correct CMI figure would be $9,066.15.[2] Trustee's

---

[1] CMI is defined in 11 U.S.C. § 101(10A).

[2] (CMI as listed $8,392.29 * 6 + (omitted payrolls of $2,302.10 + $1741.08)/6 = $9,066.15.

Page -2-

Case 08-11174-s13    Doc 63    Filed 04/15/09    Entered 04/15/09 10:11:46 Page 2 of 5

Exhibit 5, which is the Trustee's version of Form 22C, calculated CMI at $9,440, but this figure was based on a 12 month period that included post-petition wages. The Court finds that the CMI was $9,066.15. Debtors did not show any substantial change in circumstances after filing the petition.

Trustee's Exhibit 5 substantially agrees with Debtors' Form 22C regarding expenses. There are two minor differences that total $264 (in favor of the Debtors) on Exhibit 5. The Court will use the Trustee's calculation that the total of all deductions allowed under 707(b)(2) (line 52) is $8,476.09. The Debtors' disposable income is therefore $590.06[3].

Debtors significantly over-withhold taxes during the year. Ms. Juarez testified that this is intentional, to serve as a form of savings for an emergency fund. Debtors refunds for calendar year 2007 were over $7,500. Trustee Exhibit 1.

**DISCUSSION**

In the Chapter 13 context, income tax refunds are disposable income. <u>Midkiff v. Stewart (In re Midkiff)</u>, 342 F.3d 1194, 1202 n.4 (10th Cir. 2003).

Confirmation is governed by 11 U.S.C. § 1325. Subsection (b) deals with the situation we have in this case, <u>i.e.</u>, the Trustee has objected and the Plan does not pay unsecured creditors in full. That subsection states in part:

---

[3] CMI $9,066.15 - expenses $8,476.09 = $590.06.

Page -3-

Case 08-11174-s13    Doc 63    Filed 04/15/09    Entered 04/15/09 10:11:46 Page 3 of 5

> (b)(1) If the trustee or the holder of an allowed
> unsecured claim objects to the confirmation of the
> plan, then the court may not approve the plan unless,
> as of the effective date of the plan--
> > (A) the value of the property to be
> > distributed under the plan on account of such
> > claim is not less than the amount of such
> > claim; or
> > (B) the plan provides that all of the debtor's
> > projected disposable income to be received in the
> > applicable commitment period beginning on the date
> > that the first payment is due under the plan will
> > be applied to make payments to unsecured creditors
> > under the plan.

"As to the income side of the § 1325(b)(1)(B) inquiry, the starting point for calculating a Chapter 13 debtor's 'projected disposable income' is presumed to be the debtor's 'current monthly income,' as defined in 11 U.S.C. § 101(10A)(A)(1), subject to a showing of a substantial change in circumstances." Hamilton v. Lanning (In re Lanning), 545 F.3d 1269, 1282 (10th Cir. 2008). Therefore, to confirm this Plan, the Debtors need to pay $590.06 monthly for 60 months plus surrender their tax refunds to the Trustee during the life of the Plan.

Debtors argue that they simply do not have this much disposable income, and instead ask the Court to base the minimum plan payments on Schedules I and J. The Court cannot.

"We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what is says there." Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992)(Citations omitted.) When a statute's language is plain, the sole function of the court is to enforce

Case 08-11174-s13    Doc 63    Filed 04/15/09    Entered 04/15/09 10:11:46 Page 4 of 5

it according to its terms unless the result is absurd. <u>Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.</u>, 530 U.S. 1, 6 (2000)(<u>quoting</u> <u>United States v. Ron Pair Enter., Inc.</u>, 489 U.S. 235, 241 (1989)).

Section 1325's language is plain. When the Trustee objected, these above-median income Debtors needed to pay all projected disposable income to unsecured creditors for 5 years. 11 U.S.C. § 1325(b)(1)(B). This result is not absurd. It may be unfair to some unfortunate debtors, but it is not absurd. The Court must enforce Congress' chosen words even if they lead to a harsh outcome. <u>Lamie v. United States Trustee</u>, 540 U.S. 526, 538 (2004).

An appropriate order will enter.

/s/ James S. Starzynski
Honorable James S. Starzynski
United States Bankruptcy Judge

Date filed on docket: April 15, 2009

copies to:

Michael K Daniels
PO Box 1640
Albuquerque, NM 87103-1640

Kelley L. Skehen
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608